# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

IN RE: ANTIGUA INVESTMENTS, L.L.C.            CASE NO. 23-80536
      *Subchapter V of Chapter 11 Debtor-in-Possession*

-----------------------------------------------------------------------------------------------------------------

## MOTION FOR USE OF CASH COLLATERAL AND APPROVAL OF ADEQUATE PROTECTION PAYMENTS

**NOW INTO COURT**, through undersigned counsel, comes Antigua Investments, L.L.C., who respectfully represents that:

*Jurisdiction*

1.

This matter constitutes a core proceeding and this Court has jurisdiction under 28 U.S.C. §157, §1334, 11 U.S.C. §1181, et seq., 11 U.S.C. §105 and 11 U.S.C. §363 and Federal Rule of Bankruptcy Procedure 4001.

*Parties*

2.

Mover filed a Petition for Relief under Sub-Chapter V of Chapter 11 of the United States Bankruptcy Code. It remains in possession of its assets and continues to operate its business in accordance with 11 U.S.C. §1184.

3.

Among the assets of debtor's estate are immovable property located in Alexandria, Louisiana, and accounts receivable from the operations of the debtor. These assets are subject to liens in favor of The Cottonport Bank, the United States Internal Revenue Service, the La Workforce Commission and the Rapides Parish Sales and Use Tax Department of the Rapides Parish Police Jury.

*Facts*

4.

The immovable property has significant value and Debtor does not believe there is any significant amount of depreciation of it, as it is regularly maintained.

5.

Debtor also shows that the accounts receivable are produced from the operations of the debtor and, as such are not subject to depreciation.

6.

Specifically, through this Motion, the Debtor is seeking this Court's authorization to use these assets which may constitute "cash collateral" as defined by 11 U.S.C. §363(a) pursuant to Sections 362(b)(2), (3) and (4) and Rule 4001 (b) of the Federal Rules of Bankruptcy Procedure.

7.

Debtor believes that The Cottonport Bank holds the first lien on the immovable property with the liens of the Internal Revenue Service, the La Workforce Commission, and the Rapides Parish Sales and Use Tax Department of the Rapides Parish Police Jury being inferior to that mortgage, as reflected in the mortgage records of Rapides Parish.

8.

Debtor believes there is equity in the immovable property above the amount owed to all lien holders and seeks this Court's authorization to use the equity cushion in lieu of cash payments. In the alternative, debtor seeks authority to use the assets and provide adequate protection thereof in the form of cash payments representing the depreciation of the assets as required by law.

9.

The Debtor needs to use the cash collateral in the ordinary course of the Debtor's business to pay the expenses of its operation during the course of this case. Unless it is permitted to use cash collateral, the Debtor cannot pay ordinary course of business expenses such as taxes, insurance, utility expenses, repair and maintenance of the assets and the like and will cease operations, thereby substantially adversely impacting the Debtor's ability to pay its debts.

10.

Debtor seeks authority to use the proceeds of post-petition Accounts Receivable to pay all post-petition expenses of operation in the ordinary course of business and to make other expenditures outside the ordinary course of business as may be authorized by this Court.

11.

Debtor suggests that all legal and equitable rights of the Debtor and all lien holders be preserved and deemed not waived.

12.

Rule 4001(b)(2) provides that the Court may conduct a hearing on a motion under Section 363 of the Bankruptcy Code before the expiration of a fifteen (15) day notice period as described therein and may authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing. Pending a final hearing on this Motion the Debtor must use cash collateral until such final hearing is actually conducted.

*Relief Requested*

13.

Accordingly, the Debtor requests that the Court authorize the Debtor's request to use cash collateral at an interim hearing to be held as soon as practicable.

14.

The Debtor further proposes that the final hearing be held on Debtor's request to use cash which may be cash collateral, at which time the Debtor will ask the Court to consider entry of a final order.

15.

Debtor submits that the Court's consideration of this Motion forthwith on an interim basis and final hearing held upon notice as suggested herein is in keeping with Rule 4001(b) respecting the Debtor's use of cash collateral.

16.

Debtor suggests that adequate protection payments of no more than $5,000.00, per month to The Cottonport Bank is appropriate, if any payment is required, which debtors seeks to be approved at an interim hearing on this Motion.

17.

To the extent there is any equity in the property to which any inferior lien would attach debtor believes the equity cushion is sufficient to provide adequate protection to that lienholder.

**WHEREFORE, DEBTOR PRAYS** that the Court enter an order allowing the use of

cash collateral and approve adequate protection payments on an interim basis that the same be confirmed after a final hearing held thereafter, after due notice and hearing.

**LAW OFFICE OF,**

**/S/ THOMAS R. WILLSON**
**THOMAS R. WILLSON**
**1330 JACKSON STREET - SUITE C**
**ALEXANDRIA, LA  71301**
**PH. NO. (318) 442-8658**
**FAX NO. (318) 442-9637**
rocky@rockywillsonlaw.com

**Attorney for Debtor (#13546)**